# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| FLEET CONNECT SOLUTIONS LLC, a Texas limited liability company,<br><br>Plaintiff,<br>v.<br><br>MELTON TRUCK LINES, INC., a foreign corporation.<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>6:20-cv-1096<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement under 35 U.S.C. § 271, *et seq.*, in which Plaintiff Fleet Connect Solutions LLC ("Fleet Connect"), makes the following allegations against Defendant Melton Truck Lines, Inc. ("Melton"):

### Parties

1. Fleet Connect is a limited liability company formed under the laws of Texas with its registered office address located in Austin, Texas.

2. Upon information and belief, Melton is a foreign corporation with an office located in this district at 425 N. Americas Avenue, El Paso, Texas, 79907. Melton may be served with process upon its registered agent, Michael Dargel, at the following address: 808 North 161st East Avenue, Tulsa, Oklahoma, 74116.

### Nature of the Action

3. This is a civil action for the infringement of U.S. Patent No. 7,260,153 (attached as **Exhibit A**, the "153 Patent").

4. Fleet Connect is the owner by assignment of the 153 Patent, including the right to recover damages for past and ongoing infringement of the 153 Patent.

## Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq*.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Melton maintains a regular and established place of business in this District, has transacted business in this District, and committed acts of patent infringement in this District.

7. Melton is subject to this Court's specific and general personal jurisdiction pursuant to due process, due at least to its substantial business in this forum, including (i) certain of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

## The 153 Patent and Melton's Infringement of the 153 Patent

8. The 153 Patent (Exhibit A) lawfully issued on August 21, 2007. The 153 Patent claims priority to Provisional Application No. 60/429,018, filed on November 26, 2002, Provisional Application No. 60/419,306, filed on October 18, 2002, and Provisional Application No. 60/409,048, filed on September 9, 2002. The 153 Patent is titled "Multi Input Multi Output Wireless Communication Method and Apparatus Providing Extended Range and Extended Rate Across Imperfectly Estimated Channels".

9. The 153 Patent is valid and enforceable.

10. The Accused Instrumentality in this case is the MCP 200 unit by Omnitracs. On information and belief, Melton uses the Accused Instrumentality as part of its fleet management devices and systems.

11. A claim chart, incorporated herein by reference, is attached hereto as **Exhibit B** comparing the Accused Instrumentality to the elements of the asserted claim of the 153 Patent on an element-by-element basis to show that the Accused Instrumentality practices at least one claim of the 153 Patent.

**Count 1:**
**Infringement of U.S. Patent No. 7,260,153 (153 Patent)**

12. Fleet Connect herein incorporates the contents of the preceding paragraphs 1-11 as if restated fully herein.

13. Melton has infringed one or more claims of the 153 Patent under 35 U.S.C. § 271(a). Melton has infringed the 153 Patent by using the Accused Instrumentality in the United States. For example, see the claim chart attached hereto as Exhibit B and hereby incorporated by reference.

14. As a result of the continuing infringement of the 153 Patent, Fleet Connect has suffered damages, and is entitled, at a minimum, to recover a reasonable royalty to compensate for the infringement.

**Prayer for Relief**

Wherefore, Fleet Connect respectfully requests that this Court enter judgment against Melton as follows:

  a) The Accused Instrumentality as utilized by Melton infringes the 153 Patent, literally or, alternatively, under the Doctrine of Equivalents;

b) Fleet Connect is entitled to its damages resulting from these infringements in the amount that is no lower than a reasonable royalty, together with prejudgment and post-judgment interest thereon;

c) Fleet Connect be awarded an accounting for any post-verdict infringement; and

d) The Court grant Fleet Connect such other and additional relief as the Court determines to be just and proper.

## Demand for Jury Trial

Fleet Connect hereby demands a trial by jury on all claims and issues so triable.

DATED this 1st day of December, 2020.

        RESPECTFULLY SUBMITTED,

        */s/ David N. Deaconson*
        David N. Deaconson
        Texas Bar Card No. 05673400
        Pakis, Giotes, Page & Burleson, P. C.
        P. O. Box 58
        Waco, TX 76703
        Tel: (254) 297-7300
        Fax: (254) 297-7301
        deaconson@pakislaw.com

        *Local Counsel for Plaintiff*

        -and-

        Steven G. Hill
        *Pro Hac Vice* forthcoming
        Georgia Bar No. 354658
        HILL, KERTSCHER & WHARTON, LLP
        3350 Riverwood Parkway
        Atlanta, Georgia 30339
        Tel.: (770) 953-0995
        Fax: (770) 953-1358
        sgh@hkw-law.com

        *Lead Counsel for Plaintiff*